# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| HERBERT INGRAM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH MANAGEMENT ASSOCIATES, INC., WILLIAM J. SCHOEN, JOSEPH V. VUMBACCO, and ROBERT E. FARNAM,<br><br>Defendants. | Case No. 2:07-cv-00529-FtM-34SPC<br>Consolidated Cases |

### PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
### MOTION TO APPOINT INTERIM LEAD COUNSEL COMMITTEE

Pursuant to the Court's Order dated May 14, 2008, Plaintiffs Herbert Ingram, Dawn O'Connor and Janet Freeman (collectively, "Plaintiffs") submit this Supplemental Brief in support of their Motion to Appoint a Lead Counsel Committee, Appoint Interim Liaison Counsel, and for Entry of Pretrial Order No. 1. Plaintiffs' move this Court to appoint Schiffrin Barroway Topaz & Kessler, LLP ("SBTK") as Interim Lead Counsel Committee Chair, Schatz Nobel Izard, PC ("SNI") and Keller Rohrback L.L.P. ("KR") as Interim Lead Counsel Committee members and Barker, Rodems & Cook, P.A. ("BRC") as Interim Liaison Counsel.

### INTRODUCTION

Plaintiffs believe that the proposed class of Health Management Associates, Inc. Retirement Savings Plan participants ("Proposed Class") will be best served by the appointment of their proposed Interim Lead Counsel Committee, including SBTK as

Interim Lead Counsel Committee Chair with SNI and KR serving as Interim Lead Counsel Committee members. All three firms have worked effectively and efficiently together in the past, and have achieved outstanding results. This case is likely to be both expensive and labor-intensive, as it will involve millions of pages of documents for review as well as costly expert testimony in several areas, including ERISA fiduciary responsibility, financial issues and damages. Defendants are represented by scores of attorneys from Weil, Gotshal & Manges, LLP with expertise in class action and ERISA law. Accordingly, the Plaintiffs believe the Proposed Class will benefit from the combined expertise and resources of the proposed Interim Lead Counsel Committee.

**THE PROPOSED CLASS WILL BENEFIT FROM JOINT REPRESENTATION**

**I.    The Combined Resources And Expertise Of The Three Firms Are Necessary To Benefit Plaintiffs And The Proposed Class**

This case promises to be a huge undertaking. Plaintiffs allege that the Health Management Associates, Inc. Retirement Savings Plan (the "Plan") and its participants and beneficiaries suffered millions of dollars in losses. Counsel for the proposed Interim Lead Counsel Committee are well aware from their work in similar cases that ERISA cases of this type are labor intensive. There are likely to be millions of pages of documents produced that will require knowledgeable persons to review them in a concentrated period of time. Defendants will almost certainly retain experts in a number of areas, including fiduciary responsibility, finance, accounting and damages. Plaintiffs will necessarily retain experts in these areas themselves. In addition, there will be extensive motions practice and concomitant dedication of resources to ensure that the

Proposed Class has the best opportunity for success. Under these circumstances, the Proposed Class will benefit from the joint resources and expertise of SBTK, SNI and KR.

Defendants in this case are represented by Weil, Gotshal & Manges, LLP, a firm that has 19 offices worldwide and employs over 1,300 attorneys. Plaintiffs and the Proposed Class will be best positioned to parry the Defendants' massive resources with the combined resources of SBTK, SNI and KR as the Interim Lead Counsel Committee. *See In re Tyco Int'l, Ltd. Sec. Litig.,* 00-MD-1335-B, 2000 U.S. Dist. Lexis 13390, at *36-37 (D.N.H. Aug. 17, 2000) (approving multiple-lead firm structure, noting that "the potential dangers stemming from multiple representation, while real, are less weighty than the benefits that it may produce."); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 46, 49 (S.D.N.Y. 1998) (approving multiple counsel arrangement, finding that pooling of resources and experience was advantageous given the "magnitude" of the class action and to "ensure that the litigation will proceed expeditiously against Oxford and the experienced counsel it has retained to represent it"); *In re Intel Corp. Microprocessor Antitrust Litig.,* MDL No. 05-1717 (D. Del. Apr. 18, 2006) at 3 (selecting four firms as co-lead counsel, in part because the four firms "appear to be capable of drawing upon a greater pool of resources" than competing group, which "could prove to be especially beneficial in a large and complex case such as this").

For the same reasons, Plaintiffs submit that they and the Proposed Class will benefit from the pooling of the resources of the proposed Interim Lead Counsel Committee.

## II. Interim Lead Counsel Committee Members Have Worked Together Effectively and Efficiently Before

The Court need not speculate as to whether SBTK, SNI and KR can work well together. On numerous occasions, the members of the Interim Lead Counsel Committee have been appointed Co-Lead Counsel in ERISA class actions throughout the nation, and have litigated these cases efficiently and successfully. SBTK and SNI worked together in recovering $100 million for class members in a recently settled action. *See, e.g., In re AOL ERISA Litig.*, C.A. No. 02-8853 (S.D.N.Y.). SBTK and SNI are currently litigating a number of similar ERISA class actions as appointed Co-Lead Counsel. *See e.g., In re JDS Pettit v. JDS Uniphase Corp. et al*, C.A. No. 03-4743 (N.D. Ca.); *In re Merck & Co. Inc., Sec., Derivative & "ERISA" Litig.*, MDL-1658, C.A. No. 05-2369 (D.N.J.); *In re Diebold ERISA Litig.*, No. 5:06- 0170 (N.D. Ohio). Similarly, SBTK and KR have been appointed co-lead counsel in a number of prominent ERISA class actions, including, among others, *In re Beazer Homes USA, Inc. ERISA Litig.*, 07- 00952 (N.D. Ga. 2007); *Nowak, et. al. v. Ford Motor Co., et. al.*, No. 06-11718 (S.D. Mich.); *In re Polaroid ERISA Litig.*, No. 03-8335 (S.D.N.Y.); *In re BellSouth Corp. ERISA Litig.*, No. 02-2440 (N.D. Ga.); *In re Mirant Corp. ERISA Litig.*, No. 03-1027 (N.D. Ga.); and *Woods v. Southern Co.*, 396 F. Supp. 2d 1351 (N.D. Ga.). Thus, SBTK, SNI and KR will be able to draw heavily upon their collective experience and expertise to ensure that this case is litigated effectively and efficiently.

In each of the cases identified above, the firms allocated tasks among themselves, ensuring that there was no duplication of effort, and that unnecessary work was not performed. The firms were able to effectively use the best available personnel for the

4

tasks at hand during the course of litigation. The firms benefited from the other's counsel with respect to major strategic decisions in the cases, and benefited from each other's experience.[1] With respect to fees, each firm has kept, and continues to keep, careful time records, which are often, and will be, used as part of fee applications.

The members of the proposed Interim Lead Counsel Committee submit that their experience working together demonstrates that they can effectively and efficiently prosecute the ERISA claims in this case.

### III. Appointment Of The Proposed Interim Lead Counsel Committee Will Not Result In Increased Attorney's Fees

While the members of the proposed Interim Lead Counsel Committee believe they have a strong case, class actions are always a risky endeavor. That risk is magnified in the context of claims for breach of fiduciary duty under ERISA, as the law continues to evolve and new precedents issue frequently. Given the tremendous costs that must be advanced in the litigations, the co-lead structure is effective in spreading the risk that there will be no recovery – and therefore no compensation for the time and expense that the members of the Interim Lead Counsel Committee will incur. That is one reason why the co-lead structure is very much the norm in ERISA class actions for breach of fiduciary duty.[2]

---

[1] Several courts have noted the "benefit of joint decision-making" afforded by multiple representation in the class action context. *See Malasky v. IAC/Interactive Corp*, 2004 U.S. Dist. Lexis 25832, at *14 (S.D.N.Y. Dec. 21, 2004); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.,* 229 F.R.D. 395, 420 (S.D.N.Y. 2004); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. at 45.

[2] In addition to the other cases cited herein, the Plaintiffs' Counsel also refer the Court to co-lead counsel appointment orders from other ERISA breach of fiduciary duty cases including: *In re First American Corp. ERISA Litig.*, No. SA-CV-07-1357 JVS (RNBx) (C.D. Cal. Feb. 1, 2008) (SBTK and SNI appointed to a four-firm co-lead counsel); *In re AIG ERISA Litig.*, No. 04-9387 (S.D.N.Y. Aug. 5, 2005) (KR appointed to

## IV. Because Any Request For Fees And Expenses Must Be Approved By The Court, The Proposed Class Can Only Benefit From Joint Representation

Finally, the Court can ensure that, while Plaintiffs and the Proposed Class obtain the benefits of the combined resources and experience of SBTK, SNI and KR, the Proposed Class will not pay a penalty in the form of excessive fees or expenses. That is because any request for fees and expenses must be approved by the Court as reasonable pursuant to FED. R. CIV. P. 23(h). Thus, while the members of the proposed Interim Lead Counsel Committee have no interest in running up costs in this or any other contingent matter, the Court can rest assured that they will receive no reward for doing so in any event.

The members of the proposed Interim Lead Counsel Committee we will conduct this litigation efficiently and effectively and without duplication of effort. Further, should the Court so desire, we will provide quarterly reports to the Court detailing all work done in the litigation on an ongoing basis.

## V. Proposed Interim Liaison Counsel Will Add To The Efficiency Of Plaintiffs' Claims

As suggested in the *Manual for Complex Litigation* (4th ed. 2004) ("*Manual*"), Plaintiffs' Interim Liaison Counsel shall assist the Interim Lead Counsel Committee in

---

a four-firm "Provisional Committee"); *In re General Motors ERISA Litig.*, No. 05-71085 (E.D. Mich. May 13, 2005) (SBTK and another firm appointed as co-lead counsel); *In re Household Int'l, Inc. ERISA Litig.,* No. 02-7921 (N.D. Ill. Dec. 19, 2002) (KR and another firm appointed as co-lead counsel); *In re Visteon Corp. ERISA Litig.*, No. 05-71205 (E.D. Mich. Mar. 9, 2007) (KR appointed as lead counsel with SBTK serving on executive committee); *In re Mirant Corp. ERISA, et al.*, No. 1:03-cv-1027-RWS (N.D. Ga. Nov. 16, 2006) (KR and SBTK appointed as co-lead counsel); *In re Merrill Lynch & Co., Inc. Sec., Derivative & ERISA Litig.,* No. 07-9633 (S.D.N.Y. Mar. 12, 2008) (KR and another firm appointed as co-lead counsel); and *In re Washington Mutual, Inc. Sec., Derivative and ERISA Litig.*, No. 08-md-1919 (W.D. Wash. May 20, 2008) (KR and another firm appointed as co-lead counsel).

facilitating coordination and communications among counsel for the parties and with the Court and otherwise be charged with administrative matters, including:

> Receiving and distributing pleadings, notices , orders motions, and briefs . . . [and] advising parties of developments, and otherwise assisting in the coordination of activities and positions.

*Manual* § 10.221.

As indicated in Plaintiffs' Memorandum in Support of Motion to Consolidate ERISA Cases, Appoint An Interim Lead Counsel Committee And Interim Liaison Counsel And For Entry Of Pretrial Order No. 1, BRC is a full service law firm located in Tampa, Florida, representing clients throughout Florida, including all of Tampa, St. Petersburg, Clearwater, Sarasota, Brandon, Bradenton, Lakeland, Fort Myers, Ocala and Gainesville.  BRC's attorneys are licensed to practice in state and federal courts throughout the state of Florida,  and are experienced in, and thoroughly familiar with, all aspects of class action litigation, including the underlying substantive law and the procedures recommended in the *Manual*.  BRC will add efficiency of this action by attending to matters that do not require the presence of co-lead counsel.

Further, appointing BRC as Interim Liaison Counsel is also in keeping with the intent and requirements of the local rules of the Middle District of Florida, which requires specially admitted attorneys to designate a "member of the bar of this Court, resident in Florida, upon whom all notices and papers may be served and who will be responsible for the progress of the case, including the trial in default of the non-resident attorney." See L.R. 2.02(a).

7

### VI. In The Alternative, The Court Should Appoint SBTK As Interim Lead Counsel

However, in the event the Court is not persuaded by the reasoning and arguments set forth above and prefers to have a sole Interim Lead Counsel charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the Orders of the Court concerning the conduct of the litigation, the Court should appoint Schiffrin Barroway Topaz & Kessler, LLP, the proposed Interim Lead Counsel Committee Chair, as the Interim Lead Counsel.  Schiffrin Barroway Topaz & Kessler, LLP would perform the responsibilities identified in Plaintiffs' Memorandum in Support of Motion to Consolidate ERISA Cases, Appoint An Interim Lead Counsel Committee And Interim Liaison Counsel And For Entry Of Pretrial Order No. 1, and SNI and KR would be available to assist Interim Lead Counsel, as needed and in the best interest of the Proposed Class, in an effective and efficient manner based on their experience and expertise in these types of cases.

### CONCLUSION

For the foregoing reasons, as well as those stated in Plaintiffs' Memorandum in Support of Motion to Consolidate ERISA Cases, Appoint An Interim Lead Counsel Committee And Interim Liaison Counsel And For Entry Of Pretrial Order No. 1, Plaintiffs respectfully request that this Court appoint Schiffrin Barroway Topaz & Kessler, LLP as Interim Lead Counsel Committee Chair, Schatz Nobel Izard, PC and Keller Rohrback L.L.P. as Interim Lead Counsel Committee members, and Barker, Rodems & Cook, P.A. as Interim Liaison Counsel..  Alternatively, Plaintiffs respectfully

request that this Court appoint Schiffrin Barroway Topaz & Kessler, LLP as Interim Lead Counsel and Barker, Rodems & Cook, P.A. as Interim Liaison Counsel.

DATED:  May 30, 2008  Respectfully submitted,

**/s/ Chris A. Barker**
Chris A. Barker
Florida Bar No. 885568
**BARKER, RODEMS & COOK, P.A.**
William J. Cook
Florida Bar No. 986194
400 North Ashley Drive, Suite 2100
Tampa, FL 33602
Telephone: (813) 489-1001
Facsimile: (813) 489-1008
cbarker@barkerrodemsandcook.com
wcook@barkerrodemsandcook.com

*Proposed Interim Liaison Counsel*

**SCHIFFRIN BARROWAY**
**TOPAZ & KESSLER, L.L.P.**
Joseph H. Meltzer
Edward W. Ciolko
Katherine B. Bornstein
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmeltzer@sbtklaw.com
eciolko@sbtklaw.com
kbornstein@sbtklaw.com

*Proposed Chair of Interim Lead Counsel Committee*

**SCHATZ NOBEL IZARD, P.C.**
Robert Izard
20 Church Street, Suite 1700
Hartford, CT 06103
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
rizard@snilaw.com


**KELLER ROHRBACK L.L.P.**
Derek W. Loeser
Lynn L. Sarko
Ron Kilgard
Erin M. Riley
Suite 3200
1201 3rd Ave
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
rkilgard@kellerrohrback.com
eriley@kellerrohrback.com

*Proposed Interim Lead Counsel Committee*


**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the Plaintiffs has conferred with counsel for the Defendants pursuant to Local Rule 3.01(g), and the Defendants have not agreed to the relief sought in this request.

 **/s/ Chris A. Barker**
Chris A. Barker, Esquire

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 30, 2008 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to registered CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

                                            **/s/ Chris A. Barker**
                                            Chris A. Barker, Esquire